UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG D. ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:16-cv-0214 MCE GGH PS<br><br>ORDER |

    Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has filed an incomplete application to proceed without prepayment of fees in that the application is not signed or dated. See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity to submit either the appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee.

    Even had plaintiff signed this court's form application to proceed in forma pauperis, this court would not permit the action to proceed upon the filed complaint.

    The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at

1

1  any time if it determines the allegation of poverty is untrue, or if the action is frivolous or
2  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against
3  an immune defendant.
4     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
6  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
7  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
8  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
9  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
10 Cir. 1989); Franklin, 745 F.2d at 1227.
11     A complaint must contain more than a "formulaic recitation of the elements of a cause of
12 action;" it must contain factual allegations sufficient to "raise a right to relief above the
13 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
14 "The pleading must contain something more...than...a statement of facts that merely creates a
15 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
16 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
17 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
18 v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
19 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
20 the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
21 Id.
22     Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92
23 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).
24 Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff
25 proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.
26 See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
27 ////
28 ////

1    The complaint alleges that plaintiff's civil rights and rights under the Americans with
2 Disabilities Act ("ADA") were violated on February 13, **2005**,[1] by the work release division of
3 the Sacramento Sheriff's Department.  When plaintiff was sentenced to a work release program,
4 the judge alleviated plaintiff's fears about being able to participate in the program with a physical
5 disability by informing him that the program worked with all disabled people.  The judge also
6 informed him that the program would only cost $120, rather than the alternative, a $450 fine.[2]
7 (ECF No. 1 at 6.)  In reality, plaintiff claims he was initially charged an $80 processing fee for the
8 work release program, and then $40 per day for every day worked.  Because of his disability,
9 plaintiff could only work two hours per day, so in order to complete twenty hours of work, he had
10 to pay $480, which was more than the fine.  (Id. at 7.)  When plaintiff protested, he was informed
11 that if he did not complete the work release program, he would be fined an additional $300.
12 Plaintiff refused and left.  (Id. at 8.)  Plaintiff alleges that he appeared before another judge on
13 May 27, 2015, who refused to listen to plaintiff's complaint.  In addition to making plaintiff sit
14 down in court, which was very painful for him, the judge imposed another fine, bringing the total
15 up to $780.  (Id. at 9.)  Furthermore, because of the fine, plaintiff has been refused a driver's
16 license.  Plaintiff seeks to appeal his conviction and requests an order prohibiting the County
17 from reporting this fine to the DMV.  He also seeks punitive damages.  (Id. at 11.)  Alleged
18 violations are brought pursuant to the ADA and the Eighth Amendment.
19    Turning first to plaintiff's request to appeal the underlying conviction, plaintiff is
20 informed that the instant action is not an appropriate procedure in which to do so.  Challenges to
21 the validity of any confinement or to particulars affecting its duration are the province of habeas
22 corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).  In order to attempt to
23 overturn his conviction, plaintiff would have to file a separate petition for a writ of habeas corpus
24 pursuant to 28 U.S.C. § 2254.  But prior to filing a habeas petition, he would have to exhaust all
25 state court remedies.

---

[1] Probably a typographical error.  On amendment, plaintiff shall clarify whether this is the correct date, or shall give the appropriate date.
[2] The complaint lists the fine at $480 on page 6, and $450 on page 7.

3

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[3] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

It should be noted that plaintiff has attached a "notice of rejection of claim," dated August 3, 2015, sent to him on behalf of the County of Sacramento. (ECF No. 1 at 13.) Plaintiff is informed that if he seeks to file a court action on that claim, he was informed by that notice that he had to file such action within six months from the notice, and such action must be filed in state court. See Cal. Gov. Code § 945.6 (cited therein). Therefore, if plaintiff amends his complaint, he shall eliminate any request for relief that seeks to overturn his conviction. He must file a separate habeas corpus action for that purpose.

In regard to his primary claim of an ADA violation, Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.

Title II of the ADA was modeled after the Rehabilitation Act itself. Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir.2001). Therefore, the elements of the ADA and RA claim are functionally the same. In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: he is a "qualified individual with a disability;" he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and such exclusion, denial of benefits, or discrimination was by reason of his disability. Simmons v. Navajo County, Ariz.,
////

---

[3] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

4

609 F.3d 1011, 1021 (9th Cir.2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir.2004).

The ADA defines "disability" as a "physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1)(A). Major life activities include, but are not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). In Reese v. Barton Healthcare Systems, 606 F.Supp.2d 1254, 1261 (E.D.Cal. Dec. 15, 2008), the court held that plaintiff's allegations were sufficient to state an ADA claim at the pleading stage. The Reese plaintiff alleged she had a shoulder injury that rendered her permanently disabled, she was substantially limited in the major life activities of lifting, sleeping and reaching, among others, and her doctor wrote her a note stating her disability limited her work responsibility of conducting echo exams. Id. The court ruled these allegations were "sufficient to put defendant on notice of plaintiff's disability." Id. See also Benner v. Createc Corp., 2008 WL 2437726, at *3 (E.D.Tenn. June 13, 2008) (holding plaintiff's allegations that she was disabled because of her breast cancer and defendant fired her because of her disability sufficient to withstand motion to dismiss).[4]

"In suits under Title II of the ADA ... the proper defendant usually is an organization rather than a natural person.... Thus, as a rule, there is no personal liability under Title II." Tenerelli v. Shasta County Jail, 2015 WL 2159551, *3 (E.D.Cal. May 7, 2015) (quotations and citations omitted). Individuals are not proper defendants under Title II at of the ADA. "[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). The proper defendant for an

////

---

[4] In 2008, Congress passed the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub.L. No. 110–325 (2008). The ADAAA broadened the definition of "disability" under the ADA. For example, the ADAAA expanded the definition of "major life activities" and modified the regulatory definition of "substantially limits." See 42 U.S.C. § 12102(2), (4).

5

1  ADA claim is the public entity responsible.  Everson v. Leis, 556 F.3d 484, 501 & n. 7 (6th Cir.
2  2009).
3      In his complaint, plaintiff fails to describe his disability.  Plaintiff is advised that on
4  amendment, he must be able to state with truthfulness capable of verification that he suffers from
5  a disability as defined by the ADA.  He must set out exactly what his limitations are, and how
6  they prevent him from engaging in major life activities.
7      Plaintiff's Eighth Amendment claim is that the County's practice of fining people who are
8  unable to pay is excessive.  (ECF No. 1 at 12.)  Pursuant to the Eighth Amendment to the United
9  States Constitution, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel
10 and unusual punishments inflicted."  The Eighth Amendment applies to the states through the
11 Due Process Clause of the Fourteenth Amendment.  Furman v. Georgia, 408 U.S. 238, 92 S.Ct.
12 2726 (1972) (per curiam).  The Supreme Court has held that "a punitive forfeiture violates the
13 Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense."
14 United States v. Bajakajian, 524 U.S. 321, 334 (1998).

> While we are not restricted to "any rigid set of factors," United States v. Mackby, 339 F.3d 1013, 1016 (9th Cir.2003), we have typically "considered four factors in weighing the gravity of the defendant's offense: (1) the nature and extent of the crime, (2) whether the violation was related to other illegal activities, (3) the other penalties that may be imposed for the violation, and (4) the extent of the harm caused." $100,348.00, 354 F.3d at 1122.

19 United States v. $132,245.00 in U.S. Currency, 764 F.3d 1055, 1057-58 (9th Cir. 2014).  See also
20 United States v. $100,348.00 in U.S. Currency, 354 F.3d 1110, 1122 (9th Cir.2004); Balice v.
21 United States Dep't of Agric., 203 F.3d 684, 698–99 (9th Cir.2000).
22     As currently pled, the complaint fails to state a claim for relief under the Excessive Fines
23 clause of the Eighth Amendment.  On amendment, plaintiff shall set forth the facts which the four
24 factors listed above seek to consider, including the nature and extent of his underlying crime or
25 violation, whether it was related to other illegal activities, other penalties imposed for his
26 violation, and the extent of harm caused.
27     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
28 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

1 Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how
2 each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there
3 is some affirmative link or connection between a defendant's actions and the claimed deprivation.
4 Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
5 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
6 allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board
7 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8 In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
9 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
10 complaint be complete in itself without reference to any prior pleading. This is because, as a
11 general rule, an amended complaint supersedes the original complaint. See Forsyth v. Humana,
12 Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa
13 County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Once plaintiff files an amended complaint,
14 the original pleading no longer serves an operative function in the case. Therefore, in an
15 amended complaint, as in an original complaint, each claim and the involvement of each
16 defendant must be sufficiently alleged.

17 Good cause appearing, IT IS ORDERED that:

18 1. Plaintiff shall submit, within twenty-eight (28) days from the date of this order, either a
19 completed *and signed* application and affidavit in support of his request to proceed in forma
20 pauperis on the form provided by the Clerk of Court, or the appropriate filing fee; plaintiff's
21 failure to comply with this order will result in a recommendation that this action be dismissed;
22 and

23 2. The complaint is dismissed for the reasons discussed above, with leave to file an
24 amended complaint within twenty-eight (28) days from the date of service of this Order. The
25 amended complaint must comply with the requirements of the Federal Rules of Civil Procedure,
26 and the Local Rules of Practice; the amended complaint must bear the docket number assigned
27 this case and must be labeled "Amended Complaint;" failure to file an amended complaint will
28 result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis.

Dated:  March 11, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Allen0214.amd