UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG D. ALLEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No.  2:16-cv-0214 MCE GGH PS<br><br><br>ORDER |

　　　　Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

　　　　By order of March 14, 2016, plaintiff was informed of the deficiencies in his complaint and directed to file an amended complaint.  After one extension of time, plaintiff filed an amended complaint on May 12, 2016 which has now been reviewed.

　　　　The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The amended complaint has properly eliminated any request to overturn plaintiff's conviction which the undersigned previously informed plaintiff was not an appropriate request in the instant action.

////

////

1 The amended complaint does allege that plaintiff's rights under the Americans with
2 Disabilities Act ("ADA") were violated on February 13, 2015,[1] by the work release division of
3 the Sacramento Sheriff's Department.  Plaintiff has stated a colorable claim for violation of the
4 ADA on the present record.

5 Plaintiff states that he has been unable to research his Eighth Amendment Excessive Fines
6 claim and requests to amend his pleading at a later time.  Therefore, plaintiff will be provided
7 further time to file a second amended complaint which contains both the ADA and Eighth
8 Amendment claims and complies with all of the directives set forth in this court's March 14, 2016
9 order.  Plaintiff is warned that if he does not file a second amended complaint, his action will
10 proceed on the ADA claim only and he may not be able to amend at a later time.

11 Plaintiff is informed that the court cannot refer to a prior pleading in order to make
12 plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be
13 complete in itself without reference to any prior pleading.  This is because, as a general rule, an
14 amended complaint supersedes the original complaint.  See Forsyth v. Humana, Inc., 114 F.3d
15 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa County, 693
16 F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint, the original
17 pleading no longer serves an operative function in the case.  Therefore, in an amended complaint,
18 as in an original complaint, each claim and the involvement of each defendant must be
19 sufficiently alleged.

20 Good cause appearing, IT IS ORDERED that: Plaintiff is granted leave to file a second
21 amended complaint within twenty-eight (28) days from the date of service of this Order.  The
22 second amended complaint must comply with the requirements of the Federal Rules of Civil
23 Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket
24 number assigned this case and must be labeled "Second Amended Complaint;" failure to file a
25 ////
26 ////

---

[1] Although the date given is February 13, 2005, this is probably a typographical error as all of the other pertinent dates surrounding this one were in 2015.

1  second amended complaint will result in service of the amended complaint containing only the
2  ADA claim.
3  Dated: July 19, 2016
4                                         /s/ Gregory G. Hollows
5                                     UNITED STATES MAGISTRATE JUDGE

8  GGH:076/Allen0214.2amd