UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG D. ALLEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUPERIOR COURT OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-0214 MCE GGH<br><br>FINDINGS AND RECOMMENDATION; ORDER |

*Introduction and Summary*

Presently pending is the Third Amended Complaint filed on August 17, 2016. ECF No. 10. After a hearing held on January 19, 2017, ECF No. 28, defendant CF Services was dismissed from the action by Order of the Court. ECF No. 29.[1]

Defendant California Superior Court filed a Motion to Dismiss the Third Amended Complaint for Lack of Jurisdiction on March 14, 2017. ECF No. 31. A hearing was held on the Motion April 20, 2017 before the undersigned. Plaintiff appeared in pro per; Defendant and moving party California Superior Court was represented by attorney Michael Fox of Sedwick

---

[1] On December 2, 2016, defendant Sacramento County Sheriff's Department filed an Answer to the Complaint with a Demand for Jury Trial. ECF No. 16. The complaints in this action, including the Third Amended Complaint, do not differ in any material way. Therefore, the Answer will be deemed to have been made to the Third Amended Complaint, and is responsive to the ADA claim as found by the undersigned herein.

1

LLP. At the conclusion of oral argument the court took the matter under submission in order to prepare a formal findings and recommendations.

For the reasons stated herein, the only viable claim at this juncture is the Americans with Disabilities Act (ADA) claim in which plaintiff asserts that his treatment at the work project program (in lieu of paying a fine) violated the ADA.[2] This case should proceed only on this claim. The Due Process claim should be dismissed.

*The Operative Facts*

It is undisputed that plaintiff received a traffic ticket and was initially sentenced to the County work project program in lieu of a fine.

Plaintiff's Third Amended Complaint is not a model of clarity,[3] but the court is able to discern that plaintiff attempts to raise two claims. The first arises from plaintiff's assignment to a specific period of time performing community service work in lieu of paying a fine for a traffic violation that, under normal circumstances, would be completed by reporting to fulfill the service requirement for a period of 2 to 4 days. However, when plaintiff reported to fulfill the requirement he discovered that the assignment required physical activities that he could not sustain for more than 1-2 hours at a time given his disability. He reported this to the official running the service program and was told he would have to complete the required number of hours; however, whereas he normally would pay only a daily fee[4] for an 8 hour day, he would have to pay the same fee for each day he appeared, even though he could only work for 2 hours, thereby increasing the financial burden on him 4 to 8 times greater than what a nondisabled person would be responsible to pay. Ultimately because he failed to complete the required

---

[2] This claim, as presently asserted would apply both to the Sheriff's Department and the Superior Court. As discussed in the text of these Findings and Recommendations, plaintiff pleads (inferentially) that both entities are responsible for the actions of the work project program. Development of the facts in this case may show that not to be accurate.

[3] As the court stated in the courtroom, it does not appear a reasonable use of the time of either the litigants or the court to require yet another amendment of the Complaint so long as the court and the parties can discern the claims of plaintiff however inartfully pleaded. See Haines v. Kerner, 406 U.S. 519, 520-521 (1972)(pro se pleadings afforded a less stringent examination)

[4] Work project is not "free," but requires a daily fee to participate in the community service. Ostensibly, the total fee is less than the cost of a fine.

service his California Driver's License was indefinitely suspended. Plaintiff characterizes his work program experience and its sequellae as a violation of the ADA.

The second claim has to do with plaintiff's alleged treatment in Superior Court when it was reported that plaintiff did not successfully complete, or complete at all, the work project program. Plaintiff criticizes the procedures of this court, which he characterizes as a "kangaroo court," where he was not permitted to advance his case, but was limited to "yes," or "no" answers. As a result, plaintiff was sentenced to a heavier fine that initially contemplated, a fine which caused him to lose his driver's license. Arguably, he is endeavoring to characterize this action by the court as an impingement on his due process rights arising from the Fourteenth Amendment, litigable under 42 U.S.C. section 1983.[5]

*Discussion*

*ADA Claim*

> Ultimately to prevail under the ADA, a plaintiff must plead and prove that:
> (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.
> *Weinreich v. Los Angeles County Metropolitan Transp. Auth.*, 114 F.3d 976, 978 (9th Cir.1997).

Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).

Once plaintiff entered the alternative sentencing community services program and announced that the work to which he was assigned impacted him as a disabled person limiting his participation to two hours per day, it was up to the entity that operated that program on behalf of the Court to reasonably accommodate plaintiff's needs. The program did permit him to work only two hours per day, but then allegedly penalized plaintiff by requiring him to pay an excessive amount to avail himself of the accommodation offered, a cost that was not borne by non-disabled participants. This allegation pleads a cognizable breach of the ADA.

---

[5] In his opposition to the motion to dismiss, plaintiff also complains about the fact that he was not permitted to stand in court, an action, plaintiff asserts, that is necessary to deal with his back problems. However, plaintiff has not raised this issue in any of his complaints.

3

Defendant Superior Court argues that plaintiff has not alleged that the Court was the entity that administered the community service program.  The Court finds, however, that information as to whether it was the Court and/or the Sheriff's Department that was the administrator of the program is fairly inferred against both from the Third Amended Complaint.  Whether the dual control is true or not remains to be fleshed out during the discovery process.

The undersigned notes that when a motion to dismiss is brought against a pro se plaintiff, the complaint's allegations must be read liberally giving the benefit of the doubt to what might otherwise be ambiguous pleadings.  Haines v. Kerner, supra.. "[T]he factual allegations of the complaint liberally read must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972), and the court is bound to give plaintiff every reasonable inference that can be drawn from the "well-pleaded complaint."  Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963). Plaintiff need not provide more specific facts as this stage of the proceedings but need only provide that which is necessary to state his claim and the grounds showing entitlement to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (1955).  This court may not dismiss the complaint in this case insofar as plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009) *citing* Twombly at 570.  To arrive at this conclusion, the court has performed the "context-specific task that requires [it] to draw on its judicial experience and common sense."  Miller v. Ceres Unified School District, 141 F.Supp.3d 1039, 1041 (E.D.Cal. 2016) c*iting* Iqbal, supra at 679.

Defendant Superior Court argues that the Court is immune from both aspects of plaintiff's complaint pursuant to the Eleventh Amendment to the federal Constitution.  The Supreme Court has, however, ruled on several occasions that with the exception of Title I (employment matters), in enacting the ADA, Congress abrogated the Eleventh Amendment immunity of the several States.  In U.S. v. Georgia, 546 U.S. 151, 154 (2006) the Court stated:

> In enacting the ADA, Congress "invoke[d] the sweep of congressional authority, including the power to enforce the fourteenth amendment...." 42 U.S.C. § 12101(b)(4). Moreover, the Act provides that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter." §

4

12202. We have accepted this latter statement as an unequivocal expression of Congress's intent to abrogate state sovereign immunity. See Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363–364, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

The Ninth Circuit has also repeatedly found that Congress validly abrogated state immunity when it enacted Title II of the ADA. See Dare v. California, 191 F.3d 1167, 1173 (9th Cir.1999); Clark v. California Dep't of Corrections, 123 F.3d 1267, 1270 (9th Cir.1997); Hason v. Medical Bd., 279 F.3d 1167, 1171 (9th Cir.2002); Thomas v. Nakatani, 309 F.3d 1203, 1209 (9th Cir.2002); Lovell v. Chandler, 303 F.3d 1039, 1051 (9th Cir.2002).

In an attempt to distinguish the instant case from the holdings above, the Superior Court argues that the scope of Title II is limited to the issue of access, and does not apply to the type of injury plaintiff purports to have suffered. However, the Ninth Circuit has held that "the broad language of Title II brings within its scope 'anything a public entity does.'" Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001). Further, regulations developed with regard to the administration of the act require, among other things, that the public entity "operate each program, service, or activity in a manner that, viewed in its entirety, is readily accessible to *and usable by* persons with disabilities. Cohen v. City of Culver City, 754 F.3d 690, 696 (9th Cir. 2014) citing 28 C.F.R. § 35.150.

The activities of courts have been specifically addressed. For instance, in Duvall v. County of Kitsap, supra, the Court specifically addressed 28 C.F.R. § 35.160(b)(1), which requires a public entity to furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service program or activity conducted by a public entity, in discussing the right of a hearing-impaired individual to require a court to provide visual displays of arguments to permit him to follow the proceedings in which he was involved. 260 F.3d at 1136. The public entity's duty upon having received a request for accommodation is to "undertake a fact-specific investigation to determine what constitutes a reasonable accommodation" which is not met by "mere speculation" that the requested accommodation is not feasible. Wong v. Regents of University of California, 192 F.3d 807, 818 (9th Cir. 1999). The ultimate accommodation offered after

investigation must take into consideration the particular individual's need. Duvall, supra, at 1140.

In essence, then, "Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity.'" Hason v. Medical Bd. of California, 279 F.3d 1167, 1171 (9th Cir. 2002) *quoting* 42 U.S.C. § 12132. The Superior Courts of the County are not immune from these requirements by virtue of the Eleventh Amendment.

*Due Process Claim*

As set forth above, plaintiff believes that he was not afforded due process on appearing in Superior Court after his unsuccessful work project program attempt. As a result his fine was increased to a point where he allegedly could not pay for it, and his license was subsequently suspended.

The Superior Court possesses Eleventh Amendment immunity from such due process claims. See Greater Los Angeles, etc v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987).[6] Moreover, under the Rooker-Feldman doctrine, this court would have no jurisdiction to directly overturn the decision of the Superior Court based on due process grounds. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). Insofar as plaintiff's complaint is based on notions of due process, the Superior Court's motion to dismiss should be granted.

*Conclusion*

IT IS HEREBY RECOMMENDED that: plaintiff has met the minimum requirements of pleading and clarity to avoid having his Third Amended Complaint dismissed based on ADA grounds, and the legal assertions of exemption from the ADA by defendant Superior Court are not valid. The Superior Court's Motion should be denied insofar as it seeks dismissal of the ADA claim. To the extent that the Third Amended Complaint is based on the Due Process Clause of the Fourteenth Amendment, the motion should be granted.

////

---

[6] Although Zolin involved the federal Rehabilitation Act, the Supreme Court later made clear, as set forth above, that no Eleventh Amendment immunity exists for Title II of the ADA.

6

1    IT IS THEREFORE ORDERED that:

2    Should these Findings and Recommendation be adopted by the District Judge: The parties
are directed to engage immediately in the exchange of information required under Federal Rule of
Civil Procedure 26(a)(1) if they have not already done so. The parties are directed to complete
their initial discovery conference and development of a discovery plan within 60 days of the date
of that Order of adoption, if adopted, and to report its completion to the court.

The findings and recommendations are submitted to the United States District Judge
assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days
after being served with these findings and recommendations, any party may file written
objections with the court and serve a copy on all parties. Such a document should be captioned
"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
shall be served and filed within fourteen days after service of the objections. The parties are
advised that failure to file objections within the specified time may waive the right to appeal the
District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 8, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE