UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ALLEN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA,<br>et al.,<br><br>　　　　　　Defendants. | No. 2:16-cv-00214 MCE GGH<br><br><br>ORDER |

Plaintiff, who appears in pro per in this civil action, has sought appointment of counsel to represent him in proceeding with his case. ECF No. 24. "28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986) (*citation omitted*). The court may appoint counsel under section 1915(d) only under "exceptional circumstances." Id. at 1331.

*DISCUSSION*

In Wilborn v. Esalderon, 789 F.2d 1328, 1331 (9th Cir.1986), the circuit court ruled as follows:

> The rule that counsel may be designated under section 1915(d) only in "exceptional circumstances" derives from Weller v. Dickson, 314 F.2d 598, 600 (9th Cir.), *cert. denied*, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963), which held that "the privilege of pleading in forma pauperis ... in civil actions for damages should be allowed only in

1

exceptional circumstances. . . . A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983), *quoted* in Kuster [v. Block], 773 F.2d [1985] at 1049. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d).3

In Wilborn the circuit court found that while plaintiff had demonstrated a likelihood of success on the merits the issues were not complex and, as in most cases, although discovery will undoubtedly be needed to flesh out the facts to be presented at trial, "[m]ost actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."

In his motion plaintiff relies on his assertion that he is handicapped by his "mental disability," and has in the past "made mistake after mistake due to my memory impairment" which will also likely handicap him in his ability to make oral arguments. The court has, however, held hearings in court in which plaintiff has managed quite well to express himself and to make clear what happened to him and why he believes it entitles him to relief. At this point the court cannot, therefore, find the second ground for a determination of exceptional circumstances required by Wilborn for appointment of counsel. See also Villery v. Beard, 2017 WL 2068459 *8 (E.D.Cal. 2017).

*CONCLUSION*

In conclusion, it is further noted that the focus of the case has been narrowed considerably, so the complexity is not great, and plaintiff has demonstrated the ability to reason and articulate sufficient to present his case. In light of these factors IT IS HEREBY ORDERED that: Plaintiff's Motion to Appoint Counsel is DENIED.

**IT IS SO ORDERED**.

Dated: September 12, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE